UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

```
Cristino Dejesus-Sosa           )
      Defendant/Petitioner,     )   CIVIL NO._____
                                )
                                )   CRIMINAL NO. 03-CR-10284NG
                                )
                                )   Honorable Nancy Gertner
vs.                             )   U.S. District Judge
                                )
                                )
                                )
United States of America        )   05  11003  NG
      Plaintiff/Respondent      )
                                )
_____)
```

MEMORANDUM TO MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

I. Introduction

NOW COMES, the defendant, Cristino Dejesus-Sosa, (Sosa), pro-se, and who moves this Honorable Court pursuant to Title 28, United states Codes, Section 2255, to vacate, set aside or correct his sentence imposed on June 29, 2004.

II. Jurisdiction of the Court

**Federal Custody:** remedies on motion attacking sentence, pursuant to Title 28, United States Codes, Section 2255:

A prisoner in custody under sentence of a Court established by an act of Congress claiming the right to be released upon grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attacks, may move the Court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the motion and the files and the records of the case conclusively shows that the prisoner is entitled to no relief, the Court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereupon, determine the issues and make finding of facts and conclusion of law with respect thereof. If the Court finds that the judgement was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional right of the prisoner as to render the judgement vulnerable to collateral attack, the Court shall vacate and set the judgement aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate.

### III. Factual Backround

Mr. Sosa, was indicted in the jurisdiction of the Court, and charged that on August 27, 2003 in Boston, The District of Massachusetts, being an alien who had previously been deported after being convicted of an aggravated felony offense, was found in the United States without consent of the Attorney General, in violation of 8 U.S.C. § 1326(a) and (b), and a second charge of social security fraud in violation of 42 U.S.C. 408.

Mr. Sosa was represented by Robert A. Cox, Esquire and appeared before the Court to enter a guilty plea on January 15, 2004. The Court imposed a forty six (46) month sentence on Mr. Sosa, on June 29, 2004.

Sequentially, the Probation Department prepared, served all parties and filed a Presentencing Investigation Report, "PSR" for the convenience of the Court. Here the PSR provided that Mr. Sosa's offense conduct under the United States Sentencing Guidelines "USSG" as prescribed under U.S.S.G. § 2L1.2(a), called for a base offense level of eight. See PSR, p.5 ¶19.

(1)

However, the PSR recommended under § 2L.1.2(b)(1)(A), because Mr. Sosa was deported after a conviction for an aggravated felony offense, the sentence exceeded 13 months, the offense level was increased by sixteen (16) levels, yeilding a base offense level of twenty-four (24). id at ¶20. The base offense level of twenty four was decreased by three levels due to Mr. Sosa's acceptance of responsibility (21), under U.S.S.G. § 3E1 1(a). id ¶ 25,26. Mr. Sosa's criminal history category was calculated at III.

On June 29, 2004, the Court accepted the PSR's recommendation and sentenced Mr. Sosa to the bottom of the guidelines, forty six (46) months imprisonment. No appeal was filed by Mr. Sosa.

Mr. Sosa contends that the "Felony" and "Aggravated Felony" provisions found at 8 U.S.C. § 1326(b)(1) 2nd (b)(2), under Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998) are unconstitutional because (1) the United States Supreme Court has held that congress intended the fact of a prior "Felony", or "Aggravated felony", to be a sentence enhancement provable to a Judge at sentencing, by a preponderance of evidence, rather than an element to be charged in the indictment and proved to a jury beyond a reasonable doubt, but (2) as evidenced by the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), it appears that a majority of the members of the Supreme NOW believe that such a scheme is unconstitutional.

This motion pursuant to 28 U.S.C. § 2255 is timely filed, as required under the Antiterrorism and Effective Penalty Act, "AEDPA" of 1996, 28 U.S.C.§2255(1) "One year limitation from the date on which the judgement of conviction became final."

(2)

Here Mr. Sosa asserts as equitable to relief under § 2255, that his sentence was imposed in violation of the Constitution of the United States, and that the Court was without jurisdiction to impose such sentence, which excesses the maximum sentence authorized upon the offense of conviction.

## IV. Issues and Supporting Law

I.

BY THE NEW RULE ANNOUNCED IN APPRENDI V. NEW JERSEY, AND ITS PROGENY BOOKER AND SHEPARD EXPOSITIONS, MR. SOSA"S SENTENCE UNDER THE SENTENCING GUIDELINES WAS ERRONEOUSLY ENHANCED BY 16 LEVELS UNDER USSG § 2L1.2(b)(1)(A).

Under U.S.S.G. § 2L1.2(b)(1)(A), the district is required to increase a defendant's base offense level by 16, if the defendant was previously deported after a criminal conviction for an aggravated felony, USSG § 2L.2, comment (N.1). The Courts have determined that "sentencing is much harsher for an alien found in the United States after deportation of the conviction proceding his deportation was for an aggravated felony." See United States v. Sandoval-Barajas, 206 F.3d. 853, 854-855 (9th Cir. 2000). The Guideline under § 2L1.2 provides:

> (a) Base offense level 8.
> (b) Specific Offense Characteristic.
>
>> (1) If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows...
>>
>> (A) If the conviction was for an aggravated felony, increase by 16 levels.
>>
>> (B) If the conviction was for (i) any other felony... increase by 4 levels.

(3)

The Courts held that 8 U.S.C. § 1326(b)(2) constitutes a sentencing enhancement and not a separate offense. United States v. Cerom-Sanchez, 202 F.3rd. 1169, 1170 n.2 (9th Cir. 2000), (citing Almandarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d. 350 (1998).) The aggravated felony referenced under 8 U.S.C. § 1326(b)(2) "was not elements of the crime of illegal re-entry but [were] intended to enhance penalty for certain aliens who unlawfully re-entered the United States after having been deported." United States v. Campbell, 94 F.3d. 8, 10 (cir), cert denied, 515 U.S. 1150, 115 S.Ct. 2596, 132 L.Ed.2d. 843 (1995). On this basis, these Courts reasoned the "relevant offense [under section 1326] is the illegal re-entry into this country and not the felonies committed prior to deportation." id 46 F.3d. at 10; see also 94 F.3d. at 128. The unpublished opinion by the Fifth Circuit in not obtainable by Mr. Sosa, therefore, he cannot present the Court's disposition on this matter.

However, Mr. Sosa asserts that his sentence was imposed in the same manner. He plead guilty to re-entering the United States, but he never plead or agreed to an enhancement of the offense conduct under U.S.S.G § 2L1.2(b)(2)(A). Being so, the element of an offense was not found beyond a reasonable doubt, the sentence is constitutional infirmed by the Supreme Court's holding in United States v. Booker, 160 L.Ed.2d. 621, 642 (2005) (citing Blakely v. Washington, 542 U.S.____, 159 L.Ed.2d. 403, 124 S.Ct. 2531 (2004), "Our precedents, we explained, 'make clear that the statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.")

See Shepard v. United States, No. 03-9168 (decided March 7, 2005). Booker was the culmination of a series of decisions explicating the requirement of the Sixth Amendment in the context of sentencing. See Apprendi v. New Jersey, 530 U.S. 466 (2000); Ring v. Arizona, 536 U.S. 584 (2002); Blakely v. Washington, 159 L.Ed.2d 403 (2004).

In Booker, the Supreme Court's two-part decision consists of an opinion by Justice Stevens adjudicating the merits of Sixth Amendment issue (Substantive Opinion), and an opinion by Justice Breyer setting fourth the remedy ("Remedy Opinion"). In the Substantive Opinion, the Court ruled that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt". In the Remedy Opinion, the Court ruled that implementation of the Substantive Opinion required that two provisions of the Sentencing Reform Act of 1984, Pub.L 98-473, Title II, §§ 211-238, 98 Stat. 1987 (1984) be "sever[ed] and excise[d]". Remedy Opinion, 125 S.Ct. at 764. These are subsection 3553(b)(1), mandating use of the Guidelines, and section 3742(e), which "set fourth standard of review on appeal." Remedy Opinion id.

Booker holds that judicial fact-finding that increases that maximum lawful penalty, if required by the guidelines, is prohibited. Under the pre-Booker regime, the maximum lawful sentence was the maximum lawful permitted by jury's verdict alone, without further fact-finding by the Judge. See Blakely, 124 S.Ct. at 2537 ("The 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."(emphasis in Original). 125 S.Ct. at 749

Recently in Shepard v. United States, the Supreme Court anticipated the very rule later imposed for the sake of preserving the Sixth Amendment right, that any fact other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury, in the absence of any waiver of rights by the defendant. The Court held "the Sixth and Fourteen Amendments guarantee a jury's finding of any disputed fact essential to increase the ceiling of a potential sentence. While the disputed fact here can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the finds subject to Jones and Apprendi, to say that Almandarez-Torres cleary authorizes a judge to resolve dispute." Shepard v. united States, part III. Addressing sentencing enhancements under the Armed Carrier Offenders Act(ACCA), the Supreme Court held "Almanderez-Torres v. United States, 523 U.S. 224 (1998), like Taylor v. United States, 495 U.S. 575 (1990), has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almandarez-Torres was wrongly deceided. id

The Booker and Shepard Rulings reflects this very case. Mr. Sosa's sentence was enhanced by elements of the offense, he did admit to or that was found by a jury beyond a reasonable doubt. The court surpassed it's jurisdiction and exceeded the maximum sentence which reflects Mr. Sosa's guilty plea.

(6)

That is, enhancing Mr. Sosa's sentence base on the findings that Mr. Sosa was previously deported after a criminal conviction. This increased the sentencing guideline range from a base level of 8 to 24 (increased by 16 levels).

THERFORE, Mr. Sosa moves this Court to reconsider his sentence for the following reasons; the Court should reduce Mr. Sosa's conviction to one under the lessor included offense found in 8 U.S.C. § 1326(a), reform the judgement to reflect conviction only under that provision, and vacate his sentence and remand for re-sentencing to no more than one year imprisonment and one year of supervised release. In sum, Mr. Sosa's contention that the provision of 8 U.S.C § 1326(b), are unconstitutional states a claim that his sentence was imposed "in violation of law" and is an illegal sentence, that it is announced in Apprendi and its progeny Booker and Shepard apply to this collateral proceeding.

### V. Booker and Shepard Applies Retroactive

Mr. Sosa was convicted and sentenced surpassing the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). Therefore Mr. Sosa's sentence was not final before Apprendi was decided, and the retroactive application does not apply for this collateral review. See Casparti v. Bohlen, 510 U.S. 383,390,114 S.Ct. 948, 127 L.Ed.2d. 236 (1994).

The question of concern, is whether Booker and Shepard should apply retroactive to this collateral proceeding. Mr. Sosa asserts that both Booker and Shepasrd should have retroactive application, because both Booker and Shepard is nothing but a clarification of Apprendi. The Supreme Court's Booker ruling "reaffirm[ed] [its] holding in Apprendi: [that] [a]ny fact (other than a prior conviction) which is necessary to support a sentence

(7)

exceeding the maximum authorized by the facts established by a plea of guilty or jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." id Steven, J. Slip Opinion at 20. That rule is but a magnification of its In re Winship, 397 U.S. 358, 25 L.Ed.2d. 368 (1970) rule "that the Constitution protects every criminal defendant 'against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged" Booker, Steven, J. Slip at 5.

    In Ivan v. City of New York, 407 U.S. 203, 205 (1972) (per curium) the Supreme Court declared In re Winship must "be given complete retroactive effect:" Ivan was also a direct appeal case like Booker. However, the Supreme Court's claration left no doubt its retroactivity declaration meant retroactivity to all cases, final or otherwise. Proof of it is in the several habeas cases in which the Supreme Court subsequently applied variations of its In re Winship rule. Yates v. Evatt, 500 U.S. 391, 114 L.Ed2d. 432, 111 S.Ct. 1184 (1991) (applying rule in Sandstrom v. montana, 442 U.S. 510, 61 L.Ed2d. 39, 99 S.Ct. 2450 (1979)) (that jury instructions on malice or intent violated due process by relieving the States's burden of proving every element beyond a reasonable doubt as required by In re Winship); Francis v. Franklin, 471 U.S. 307, 85 L.Ed.2d. 344, 105 S.Ct. 1965 (1985) (applying Sandstrom v. Montana, 442 U.S. 510 in burden shifting instructions in violation of In re Winship principle); Jackson v. Virginia, 443 U.S. 307, 61 L.Ed.2d. 560, 99 S.Ct. 2781 (1979) (applying in re Winship rule to insufficiency of evidence standard of review in federal habeas corpus proceedings).

Moreover, <u>Booker</u> has arguably made its rules retroactive through its Guidelines clarifying amendments. It is well established Guidelines clarifying amendment are retroactive. See e.g. <u>United States v. Garcia-Cruz</u>, 40 F.3d. 986, 990 (9th Cir. 1994) ("amendment to the Sentencing Guideline which are 'clarifying' as opposed to 'substantive' may be given retroactive effect"); see also <u>United States v. Sinson</u>, 30 F.3d. 121,122 (11th Cir. 1994) (per curium) (collecting cases). <u>Booker</u> made no substantive change to the Guidelines. It merely interpreted them (Breyer, J.m Slip Opinion. pg 25) ("our remedial interpretation of the Sentencing Act") advisory as "'Congress would have intended'"(is pg. 2) had known its mandatory provision violated the Sixth Amendment right to jury trial. See also <u>id.</u>, pg 22. ("hence we have examined the statue in debth to determine Congress' likely intent in light of today's holding.") (emphasis Original). This amendment to the Guidelines and Appellate review, were clarification of the Sixth Amendment New Rule holdings in <u>Apprendi</u> and should be applied retroactive to Mr. Sosa's case. See also <u>Collins v. Youngblood</u>, 497 U.S. 37, 111 L.Ed. 30, 110 S.Ct. 2715 (1990)(Stevens, J. Concurring).

## VI. Conclusion

       For the foregoing reasons, this Court should respectfully consider reducing Mr. Sosa's conviction to one under the lessor included offense found in 18 U.S.C. § 1326(a), reform the judgement to reflect conviction only under that provision, and vacate his sentence and remand for re-sentencing to no more than one year imprisonment and one year supervised release.

Dated this 9th day of May, 2005.

                                          Respectfully submitted,

                                        /s/ Cristino DeJesus-Sosa
Cristino DeJesus-Sosa, Pro-se
Register No. 24895-038
Federal Correctional Institution
P.O. Box 1000
Loretto, PA 15940

## CERTIFICATE OF SERVICE

     IT IS HEREBY CERTIFIED, under the penalty of perjury (28 U.S.C. § 1746), that the foregoing motion under 28 U.S.C. § 2255 with all Exhibits, was sent by U.S. Mail in a prepaid envelope, First Class, addressed to the following:

Tony Anastas, District Clerk
United States District Court
For The District of Massachusetts
John Joseph Maokley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210


AUSA Nadine Pellegrini
United States Attorney Office
For The District of Massachusetts
John Joseph Maokley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210


Dated this 9th day of May, 2005.

                                                           Cristino DeJesus-Sosa, Pro-se
                                                           Register No. 24895-038
                                                           Federal Correctional Institution
                                                           P.O. Box 1000
                                                           Loretto, PA 15940