UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRISTINO DEJESUS SOSA,
    Petitioner

    v.

UNITED STATES,
    Respondent

C.A. No. 05-11003-NG

(CR 03-10284-NG)

## MEMORANDUM AND ORDER

GERTNER, D.J.

    Before this Court is Petitioner's Application to Proceed *in forma pauperis* (#4) and Motion for Appointment of Counsel not Affiliated with the Public Defender's Office (#5). To the extent that the Application appears as a motion on the docket of this Court, the motion is denied as moot, since there is no filing fee for motions filed under 28 U.S.C. § 2255. However, this Court will consider that the Application has been filed solely for the purpose of demonstrating Petitioner's indigency, in support the Motion for Appointment of Counsel (#5). Upon review of the Application, this Court finds that the Petitioner DeJesus-Sosa has demonstrated that he is without sufficient funds to retain counsel and would satisfy that requirement for appointment of counsel pursuant to 18 U.S.C. § 3006A.

    Section § 3006A(2)(B) authorizes the appointment of counsel for an indigent party in cases seeking relief under 28 U.S.C. § 2241, § 2254, or § 2255. Funds for representation are payable as prescribed in Criminal Justice Act, and appointment of counsel may be provided if the Court determines the "interests of justice so require". 18 U.S.C. § 3006A(2)(B). The decision to appoint counsel is discretionary, and neither a civil litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996), cert. denied, 519 U.S. 894 (1996); Jackson v. Coalter, 337 F.3d 74 (1st Cir.

2003)(state prisoner had no right to counsel to collaterally attack sentence). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991). See also Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003)(Memorandum and Order on Report and Recommendation of Magistrate Judge Dein, adopted (on the denial of counsel issue) by Judge Stearns by Memorandum and Order (#32) dated September 4, 2003 in C.A. 01-11849-RGS). In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. DesRosiers, 949 F. 2d at 23-24 (citations omitted).

    While Petitioner has been found to be indigent, he has not yet demonstrated the kind of "exceptional circumstances" that warrant appointment of counsel under 18 U.S.C. § 3006A in the interests of justice. Petitioner merely asserts that he is not able to represent himself competently. However, such assertion essentially could be made by any *pro se* habeas prisoner, and therefore this contention, in and of itself, does not provide a sufficient basis for appointment of counsel. Moreover, Petitioner has failed to assert any facts which might trigger the propriety in appointing counsel in this case. Petitioner's pleadings to date appear to be well-organized and coherent, suggesting a proficiency in the English language. Further, Petitioner has not shown that this case raises novel or complex issues of law. Absent such indications, appointment is not warranted at this time, and the Motion is Denied.

    The denial of the motion, however, is without prejudice to renew after the Respondent

has filed a response to the petition, or any amended petition or supplemental memorandum which Petitioner expects to file after receipt of transcripts.  If the Petitioner files a renewed motion, he shall set forth the exceptional circumstances which exist in this case which would support his request for appointment of counsel.

      Accordingly, based on the foregoing, it is hereby ORDERED that:

1. The Application to Proceed *in forma pauperis* (#4) shall be terminated as moot in view of this Memorandum and Order; and

2. The Motion for Appointment of Counsel (#5) is Denied without prejudice.


Dated: June 14, 2005            /s/ Nancy Gertner
                                          NANCY GERTNER
                                          UNITED STATES DISTRICT JUDGE