IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRISTINO DEJESUS-SOSA | : |
| | : |
| Petitioner, | : CIVIL ACTION |
| | : 05-11003-NG |
| v. | : |
| | : |
| UNITED STATES OF AMERICA | : |
| | : |
| Respondent | : |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255**

The United States of America, by and through its attorneys, Michael J. Sullivan, U.S. Attorney for the District of Massachusetts and Nadine Pellegrini, Assistant U.S. Attorney, hereby file this **RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. §2255** as follows:

1. The Defendant's Motion should be denied as the holdings of the United States Supreme Court in United States v. Booker, 125 S. Ct. 738 (2005), and Shepard v. United States, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) announced procedural rules which should not be applied retroactively. See Cirilo-Munoz v. United States, 2005 WL 858324 (1st Cir. April 15, 2005).

I.  **Relevant Facts and Procedural History**

On January 15, 2004, Defendant Cristino Dejesus-Sosa ("Dejesus-Sosa") pleaded guilty to a two count indictment charging him with a violation of illegal re-entry by a deported alien in violation of 8 U.S.C. §1326(a) and (b)(2) and fraudulent use of a social security number in violation of 42 U.S.C. §408(a)(7)(B). [D.11].[1]  The charges stemmed from Dejesus-Sosa's use of another identity, Miguel Arroyo, including the use of a social security number, when he was arrested by local law enforcement in July of 2003 in Lynn, Massachusetts for possession of cocaine. [PSR ¶13].  A comparison of "Arroyo's" fingerprints revealed Dejesus-Sosa's true identity, [PSR ¶19], and further investigation revealed that he was a native and citizen of the Dominican Republic [PSR ¶14].  A review of the Defendant's alien registration file further revealed that he was previously deported from the United States in on January 3, 1997 after being convicted of possession with intent to distribute heroin in 1996 in Massachusetts. [PSR ¶16].

---

[1]  Citations are as follows: [D._] refers to the district court docket in the original criminal case, United States v. Cristino Dejesus-Sosa, Crim. No. 03-10284-NG; the pre-sentence report is cited as [PSR ¶_]; the Judgment and Conviction as [J&C]; the Statement of Reasons as [SR] and the Defendant's Motion as [Def. Mot._].

On June 29, 2004, Dejesus-Sosa was sentenced to a term of 46 months concurrently; 2 years of supervised release; no fine and $200 mandatory special assessment.

The district court determined that Dejesus-Sosa's total offense level was 21. This was based upon the following calculations pursuant to U.S.S.G. 2L1.2. The base offense level was 8 pursuant to 2L1.2(a) and there was a 16 level enhancement pursuant to 2L1.2(b)(1)(A) based upon Dejesus-Sosa's prior drug conviction which resulted in a sentence greater than 13 months [PSR ¶¶29-34]. This resulted in an adjusted offense level of 24 minus 3 levels for acceptance of responsibility pursuant to U.S.S.G. 3B1.1.

The court further determined that the appropriate Criminal History Category was III, finding "that application of U.S.S.G. 4A1.1(d)[2] was inappropriate." [SR].[3]

This determination resulted in a guideline range of 46 to 57 months. The judgment and conviction was entered on July 12, 2004. Dejesus-Sosa did not appeal.

On May 13, 2005, Dejesus-Sosa timely filed a motion to

---

[2]USSG 4A1.1(d) permits an additional 2 points to the Criminal History if the defendant is found to have "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

[3]The pre-sentence report determined that the Criminal History was Category IV based upon a total of 8 points. [PSR ¶62-63].

vacate pursuant to 28 U.S.C. §2255.

**II. Dejesus-Sosa's 2255 Motion**

In this petition, Dejesus-Sosa's claim is that his sentence "was imposed 'in violation of law' and is an illegal sentence." [Def. Mot. p.7]. Dejesus-Sosa appears to argue that the sentence violated his constitutional rights because it was based on a factual finding by the district court which was not admitted by the defendant. [Def.Mot. 4]. Dejesus-Sosa appears to argue that the 16 level sentencing enhancement for his prior conviction was the factual finding in question; that it was "the element of the offense ... [that was] not found beyond a reasonable doubt" [Def.Mot. p.4]. Dejesus-Sosa cites to the Supreme Court's decisions in United States v. Booker, 160 L.Ed. 621, 642 (2005); Blakely v. Washington, 124 S.Ct. 2531 (2004); Apprendi v. New Jersey, 530 U.S. 466 (2000), and Shepard v. United States,125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) as the basis for his arguments.

Dejsus-Sosa claims that 8 U.S.C. §1326(b)(1) and (b)(2) are "unconstitutional because the United States Supreme Court has held that congress [sic] intended the fact of a prior 'felony' or 'aggravated felony' to be a sentence enhancement provable to a Judge at sentencing by a preponderance of the evidence...but ... as evidence by the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), it appears that a majority of the

members of the Supreme [sic] NOW believe that such a scheme is unconstitutional." [Def.Mot. p.2].

Dejesus-Sosa appears to claim that Shepard decision overrules the holding of Almendarez-Torres v. United States, 523 U.S. 224 (1998) with respect to the issue of a prior conviction.

Finally, Dejesus-Sosa argues that holdings of Booker and Shepard are to be applied retroactively to his collateral proceeding. [Def. Mot. p. 7].

## Argument

**I.  DeJesus-Sosa is not entitled to relief because Booker, Apprendi and Blakeley are Not Retroactive.**

Dejesus-Sosa's claim that Apprendi, Blakeley and Booker are retroactive is in error. In Cirilo-Munoz v. United States, 2005 WL 858324, (1st Cir. April 15, 2005), the First Circuit determined that Booker, like its predecessors Apprendi and Blakely, did not announce a new watershed rule of criminal procedure, and therefore may not be applied to cases such as this one which had become final before Booker was decided on January 12, 2005.  In reaching the conclusion that Booker should not be applied retroactively, the Court noted:

> Realistically, it is unlikely that the Supreme Court will adopt a retroactivity analysis that opens up to required examination practically all of the federal sentences since the guidelines went into effect in 1987.  This would comprise tens of thousands of sentences imposed under a regime whose lawfulness was assumed during most of this period.  If such a vast reopening of final judgments is required it must await a decision of the Supreme Court.  Certainly Booker

>  itself does not give any clear hint that retroactive effect is intended.

Id.  The Court in Cirilo-Munoz went on to observe that every circuit court which had addressed the issue of Booker's retroactivity had reached the same conclusion. Id.; see Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005)(Booker is a new procedural rule, but not a "watershed one"; judicial fact-finding did not so seriously diminish the accuracy of sentencing proceedings that there was an impermissibly large risk of punishing conduct the law does not reach); Varela v. United States, 400 F.3d 864, 866-68 (11th Cir. 2005)("we conclude that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §2255 cases on collateral review"); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005)(Booker "represents the establishment of a new rule about the federal system," and is not applicable to cases that became final before it was issued). See also Schriro v. Summerlin, 124 S.Ct. 2519 (2004)(Ring v. Arizona, 536 U.S. 584 (2002), which held, in reliance on Apprendi, that a defendant is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment, is not retroactive on collateral review).

Dejesus-Sosa's judgment was final before the Supreme Court issued its decision in Booker.  Booker is not to be retroactively applied.

6

**II. Dejesus-Sosa is not entitled to relief because <u>Shepard</u> is Not Retroactive**

Whether or not the holding of <u>Almendarez-Torres</u> has effectively been overruled is not a question which the court need reach in this decision.[4] Nor need the court address the issue of whether or not Dejesus-Sosa properly preserved his objection to the sentence calculation because he did not object to the calculation of the pre-sentence report or the inclusion of the prior convictions within the calculations at the time of the sentencing.

What is controlling in this case is the fact that the holding of <u>Shepard</u>, even if it had a determination upon the propriety of the use of a prior conviction with the confines of 8 U.S.C. §1326(b)(2), as with <u>Apprendi</u>, <u>Blakeley</u> and <u>Booker</u>, is **not** retroactively applied to Dejesus-Sosa's situation.

"Rules that regulate only the manner of determining a defendant's culpability are procedural. Judged by this standard, Shepard's holding is properly classified as procedural." <u>Olivas-Gutierrez v. United States</u>, 2005 Wl 1241871 (W.D.Tex. May 19, 2005). The court went on: "... <u>Shepard</u>'s rule does not seriously

---

[4] "...[D]icta in <u>Shepard</u> even calls into question the "traditional sentencing factor" approach." <u>United States v. Malouf</u>, __F.Supp. 2d __(D.Mass.) 2005 WL 1398624 (June 14, 2005). *But cf.* ("the <u>Almendarez-Torres</u> exception for prior convictions still stands.")<u>United States v. Schlifer</u>, 403 F.3d 849, 852 (7th Cir. 2005); <u>United States v. Mattix</u>. 404 F.3d 1037, (8th Cir. 2005); <u>United States v. Moore</u>, 401 F.3d 1220 (10th Cir. 2005).

7

diminish the likelihood of an accurate conviction and therefore does not apply retroactively to judgments that became final before that opinion's release on March 7, 2005." Id., *4.

"Finally and perhaps most importantly, the Supreme Court has given no indication that Shepard applies retroactively to cases on collateral review. As Shepard, like Booker and Blakey was based on Apprendi, the retroactivity analysis set forth ... applies with equal force to Shepard." Morales v. United States, 2005 WL 807051 (D. Minn)(April 7, 2005).

### *Conclusion*

For the foregoing reasons, the government respectfully requests that this court deny the Defendant's 28 U.S.C. §2255 petition.

                                     Respectfully submitted,

                                     MICHAEL J. SULLIVAN
                                     United States Attorney

                       By:  /s/Nadine Pellegrini
                           NADINE PELLEGRINI
                           Assistant U.S. Attorney

### **Certificate of Service**

I, Nadine Pellegrini, Assistant U.S. Attorney, certify that I caused one copy of this motion to be served by first-class mail on Cristino Dejesus-Sosa, #24895-038, FCI, P.O. Box 1000, Loretto, PA., 15940 on June 20, 2005.

                                     /s/Nadine Pellegrini
                                     Nadine Pellegrini
                                     Assistant U.S. Attorney